1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF LES ZIEVE
Benjamin D. Petiprin, Esq. (NV Bar 11681)
3753 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Tel:    (702) 948-8565
Fax:    (702) 446-9898

Attorney for plaintiff GMAT Legal Title Trust 2013-1, by U.S. Bank, National Association, as Legal Title Trustee

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GMAT LEGAL TITLE TRUST 2013-1, BY U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE, a national association,

        Plaintiff,

    vs.

JAMES W. FITCHNER, an individual; SANDRA A. WHITE, an individual; NORENE M. VICKERS, an individual; BANK OF AMERICA, N.A.; a national association; RAINBOW BEND HOMEOWNERS ASSOCIATION, INC, a corporation; DOES 1 through 10, inclusive, and ROES 1 through 10, inclusive.

        Defendants.

**CASE NO.:** 3:15- cv-00044

**OPPOSITION TO MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT [ECF NO. 27]**

COMES NOW plaintiff GMAT Legal Title Trust 2013-1, by U.S. Bank, National Association, as Legal Title Trustee ("GMAT" or "Plaintiff") in opposition to the motion to dismiss or alternatively for summary judgment (the "Motion," ECF No. 27) filed by defendant Rainbow Bend Homeowners Association, Inc. ("Rainbow Bend" or "Defendant"). This opposition is based on the memorandum of point and authorities below, all papers and pleadings on file, and oral argument (if any) this Court wishes to entertain.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3       The Motion must be denied for many reasons, whether the Court decides to construe it as

4   one for dismissal or one for summary judgment. Plaintiff's well-pleaded quiet title claim

5   survives because Defendant fails to show the Court that it is legally insufficient. As shown

6   below, Plaintiff has standing to prosecute the action and sufficiently pleads that the sale is void

7   for numerous reasons, including commercial unreasonableness and violation of the Supremacy

8   and Property Clauses of the United States Constitution. To the extent the Court construes the

9   Motion as one for summary judgment, it must be denied because Defendant fails to put forth any

10  evidence whatsoever that the June 25, 2013 foreclosure sale (the "Foreclosure Sale") which is

11  the subject of this action was properly conducted pursuant to NRS 116.3116, or that it was

12  commercially reasonable. For all of these reasons, the Motion must be dismissed and the case

13  heard on its merits.

14

## II.   LEGAL ARGUMENT

15

**A.   STANDARD FOR 12(b)(6) MOTION TO DISMISS**

16      When considering a 12(b)(6) motion to dismiss, all well-pleaded allegations of material

17  fact are taken as true and construed in a light most favorable to the nonmoving party. *Wyler*

18  *Summit Partnership v. Turner Broadcast Sys.,* 135 F.3d 658 (9th Cir. 1998); *Stent v. Bank of*

19  *Amer.*, Case No. 2:11-CV-00770-KJD-RJJ (D. Nev. 2012). A complaint should not be dismissed

20  unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

21  which would entitle him to relief. *Wyler*, 135 F.3d at 661 (citations omitted). There is therefore a

22  strong presumption against dismissing an action for failure to state a claim. *Stent*, *supra*

23  (citations omitted).

24      The court utilizes a two-pronged analysis when resolving 12(b)(6) motions. First, the

25  court identifies "the allegations in the complaint that are not entitled to the assumption of truth,"

26  i.e., those allegations which are legal conclusions, bare assertions, or conclusory." *Ashcroft v.*

27  *Iqbal*, 129 S.Ct. 1937, 1195 (2009); *see also Stent, supra*. Second, the court considers the factual

28  allegations "to determine if they plausibly suggest an entitlement to relief." *Ashcroft*, 129 S.Ct. at

1  1949. "Plausibility" is defined as calling for enough facts to raise a reasonable expectation that

2  discovery will reveal evidence. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Finally,

3  a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those

4  facts is improbable, and that recovery is very remote and unlikely." *Id.* at 1965 (citations

5  omitted).

6      Finally, if "on a [12(b)(6) motion to dismiss], matters outside the pleadings are presented

7  to and not excluded by the court, the motion may be treated as one for summary judgment under

8  Rule 56." FED. R. CIV. P. 12(d). Summary judgment is warranted only if the pleadings and

9  supporting documents show that there is "no genuine dispute as to any material fact and that the

10 movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Summary judgment is

11 inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could

12 return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd.,* 521 F.3d 1201,

13 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th. Cir. 1999)).

14 All inferences of fact should be construed "in favor of the party opposing the motion." *Dorsey v.*

15 *Nat'l Enquirer, Inc.,* 973 F.2d 1431, 1434 (9th Cir. 1992); *accord Summers v. A. Teichert & Son*,

16 127 F.3d 1150, 1152 (9th Cir. 1997). Even if the facts are undisputed, summary judgment is not

17 appropriate if "there are undisputed facts from which different ultimate inferences might

18 reasonably be drawn and as to which reasonable persons might differ […]"

19 *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981).

20 **B.    PLAINTIFF HAS STANDING TO PROSECUTE THIS ACTION**

21      **1.  Plaintiff Is The Beneficiary and Assignee of the Deed of Trust**

22      When a security interest in real property such as a beneficial interest in deed of trust is

23 assigned to a subsequent party (i.e., not the original lender), the assignee steps into the shoes of

24 the assignor and may assert claims and defenses on its behalf. *See Interim Capital LLC v. Herr*

25 *Law Group, Ltd.*, No. 2:09-CV-01606-KJD, 2011 WL 7047062, at *6 (D. Nev. Oct. 21, 2011)

26 ("It is well established that an assignee 'stands in the shoes' of the assignor and succeeds to all

27 rights of the assignor"); *see also* 4 Powell on Real Property §37.27[5] (citing 4 Corbin on

28 Contracts § 861 (1951)) (noting that the general rule of assignments is that the transferee has the

1    same rights as the transferor). This rule is codified in Nevada's adoption of the Uniform

2    Commercial Code: "Transfer of an instrument, whether or not the transfer is a negotiation, vests

3    in the transferee any right of the transferor to enforce the instrument." NRS 104.3203.

4          As the assignee and beneficiary of the Deed of Trust, Plaintiff has standing to bring any

5    claims that could've been brought by its successors in interest, including RBS Financial

6    Products, Inc., the beneficiary at the time of the Foreclosure Sale.[1] As assignee, Plaintiff properly

7    puts into issue the validity of the Foreclosure Sale. If the Foreclosure Sale is held to be invalid or

8    void, for any of the reasons set forth in the complaint, the assignment from HUD to Plaintiff *did*

9    convey something (beneficial interest in the Deed of Trust); that is indeed precisely what this

10   case is about. Since Plaintiff has standing as assignee, this argument fails.

11         **2.  Plaintiff Can Allege Preemption Claims Despite Not Being HUD**

12         Plaintiff additionally makes claims concerning HUD's interest in the Property, the Loan,

13   and the Deed of Trust: specifically, HUD's mortgage interest in the Property at the time of the

14   Foreclosure Sale (as beneficiary of the Deed of Trust) and its current interest in the Property as

15   seller of the Loan to Plaintiff (being obligated to repurchase the Property from Plaintiff should

16   the Deed of Trust be held to not have been a first position lien at the time of its conveyance to

17   Plaintiff) is such that the Foreclosure Sale must be held void as a violation of the Supremacy and

18   Property Clauses of the United States Constitution. *See* Comp. at ¶¶ 31-36. In other words, NRS

19   116.3116 *et seq.*, which would typically allow a properly-conducted association foreclosure sale

20   of a true super-priority lien to extinguish even a first deed of trust, is federally preempted by

21   Property and Supremacy Clauses of the United States Constitution, which prohibit state

22   legislation from extinguishing the federal government's interest in real property.

23         Defendant argues that only HUD can make such claims. Defendant's theory, however,

24   has been analyzed by multiple Courts in this District and each time been rejected. *See, e.g.,*

25   *Saticoy Bay LLC, Series 7342 Tanglewood Park v. SRMOF II 2012-1 Trust, et al.,* Case No.

26

27   [1] The analysis in this section concerns itself exclusively with Defendant's contention that
     Plaintiff cannot bring any claims arising from the Foreclosure Sale, period, because the
28   Foreclosure Sale occurred prior to the assignment of the Deed of Trust to Plaintiff. For a more
     in-depth analysis of Defendant's contention that Plaintiff cannot raise any Constitutional
     challenges to the Foreclosure Sale, see the next section.

1    2:13-CV-11999-JCM-VCF (D. Nev. Apr. 30, 2015) (holding that beneficiary may argue federal

2    preemption of NRS 116.3116 *et seq.* even if HUD not a party to the lawsuit, and declaring

3    association sale void); *Washington & Sandhill Homeowners Ass'n v. Bank of America, N.A.*, No.

4    2:13-CV-01845-GMN, 2014 WL 4798565, at *1 (D. Nev. Sept. 25, 2014) (holding that

5    association sale void for violation of Contracts Clause because of federal preemption despite

6    HUD not being a party to the lawsuit). Defendant produces no binding or persuasive authority

7    that only the federal government may make federal preemption arguments. As a result, the

8    Supremacy and Property Clause arguments are properly before this Court even though HUD is

9    not.

10   **C.      PLAINTIFF SUFFICIENTLY STATES A CLAIM FOR QUIET TITLE**

11           Nevada's quiet title statute is written broadly and interpreted broadly in the caselaw. In

12   Nevada, "[a]n action may be brought by any person against another who claims an *estate* or

13   *interest* in real property, adverse to him, for the purpose of determining such an adverse claim."

14   NRS 40.010 (*emphasis* mine). An action to quiet title merely "requests a judicial determination

15   of all adverse claims to a disputed property." *Del Webb Conservation Holding Corp. v. Tolman*,

16   44 F.Supp.2d 1105, 1109-1110 (D. Nev. 1999) (quotations omitted). The essential of a good

17   quiet title complaint "is that it must show that the defendants claim an interest in the property

18   adverse to the plaintiffs." *Clay v. Scheeline Banking & Trust Co.*, 159 P. 1081, 1082 (Nev.

19   1916). There is no dispute here that Defendant's claim (that it owns the Property free and clear of

20   Plaintiff's Deed of Trust interest) is adverse to Plaintiff's claim (that the Foreclosure Sale was

21   void such that the Deed of Trust remains an encumbrance against the Property). Since that is all

22   that is required under NRS 40.010, the quiet title claim[2] survives. Defendant's contention that a

23   quiet title claim must always strictly fail if the party seeking the relief is not seeking literal "title"

24   is just not supported by the statute or the caselaw.

25   ///

26   ///

27   ///

28

_____

[2] For which declaratory relief pursuant to 28 U.S.C. §§ 2201, 2201 is the appropriate remedy.

**1. Plaintiff Pleads Fact Sufficient to Establish the Foreclosure Sale as Void for Commercial Unreasonableness**

Nevada law imposes an express obligation of good faith on a foreclosing homeowner's association. "Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or contract." NRS 116.1113. This requirement is pulled verbatim from Section 1-113 of the Uniform Common Interest Ownership Act (the "UCIOA") which was adopted by the Nevada Legislature in 1991. *See* Assembly Bill 221 (1991), Section 44. The Comment to Section 1-113 of the UCIOA states that good faith means observance of two standards: honesty in fact and observance of reasonable standards of fair dealing. The Comment states further that, while the term "good faith" is not defined, it is derived from and used in the same manner as in Section 1-1201 of the Uniform Simplification of Land Transfers Act and Sections 2-103(i)(b) and 7-404 of the Uniform Commercial Code. Section 2-103(1)(b) of the UCC states that "good faith . . . means honesty in fact and the observance of reasonable commercial standards of fair dealing in trade." Similarly, NRS 104.1201 (Nevada's codification of the UCC) defines good faith as "honesty in fact and the observance of reasonable commercial standards of fair dealing."

Additionally, Nevada has consistently held that a sale performed by a creditor must be done in a commercially reasonable manner. *See Levers v. Rio King Land & Inv. Co.*, 94 Nev. 95 (1977); *Dennison v. Allen Group Leasing Corp.*, 110 Nev. 181 (1994); *Savage Constr., Inc. v. Challenge-Cook Bros., Inc.*, 102 Nev. 34 (1986). "The conditions of a commercially reasonable sale should reflect a calculated effort to promote a sales price that is equitable to both the debtor and the secured creditor. The 'quality of the publicity, the price obtained at the auction, [and] the number of bidders in attendance' are important factors to consider when analyzing the commercial reasonableness of a public sale." *Dennison*, 110 Nev. at 186 (citations omitted). If the sale is not commercially unreasonable, it must be set aside. *See Iama Corp. v. Wham*, 99 Nev. 730, 737 (1983).

Here, there is no evidence that the Foreclosure Sale was conducted in a commercially reasonable manner. Indeed, the only evidence presented so far is Plaintiff's uncontroverted evidence that the (1) Deed of Trust had a face value of $193,762 at the time of the Foreclosure

Sale and (2) the Property sold to Defendant for $900. *See* Compl. at ¶37. This enormous disparity between the value of the Deed of Trust, the ostensible fair-market value of the Property, and the amount paid for it create the inference that the Foreclosure Sale was *not* commercially reasonable. Other courts in this District have in fact held that such a disparity alone is sufficient to set aside an association sale based on a commercial unreasonableness. *See, e.g., Thunder Properties, Inc. v. Wood*, 3:14-cv-00068-RCJ-WGC, 2014 WL 2573636, at fn. 1 (D. Nev. June 9, 2014); *Wells Fargo, N.A. v. SFR Investments Pool 1, LLC*, 2:13-cv-01231-RCJ-GWF, 2014 WL 846594, at \*3 (D. Nev. March 4, 2014); *Collegium Fund, LLC, Series 5 v. Wells Fargo*, 2:13-cv-01550-GMN-VCF, 2013 WL 6692952 (D. Nev. Dec. 17, 2013); *Citimortgage, Inc. v. Liberty at Mayfield Comm. Ass'n*, 2:13-cv-02033-GMN-GWF, 2013 WL 6388727 (D. Nev. Dec. 5, 2013).

### 2.   Defendant Fails to Carry its Burden on Summary Judgment

Defendant does not seem to allege that Plaintiff's claim fails for failure to state a claim, but instead that there are no triable issues of fact regarding the noticing (the mailing and contents) or the manner in which the sale is conducted. *See* Motion at pp. 14-15. However, this is insufficient to dispose of the case through summary judgment because Defendant fails to produce any evidence whatsoever in support of its positon. In order for the Foreclosure Sale to be the sale of a true, valid, and enforceable super priority lien, the trustee and its association must comply with NRS 116.3116 *et seq*. in the same way that any trustee performing a sale of a deed of trust must comply with NRS 107.080 to evidence its validity. The requirements in NRS 116.3116 are many, and Defendant produces no evidence to suggest they were followed:

| Evidentiary Requirement | Nev. Rev. Stat. | Evidence in Support |
|---|---|---|
| Mailing of a 60-day letter | 116.31162(4) | Disputed and no evidence presented. |
| Default in Installments. | 116.3116(1) | Disputed and no evidence presented. |
| Notice of Delinquent Assessments ("NODA") Mailed by | 116.31162(1)(a) | Disputed and no evidence presented. |

| | | |
|---|---|---|
| registered or certified, return receipt requested ("RRRM") to the owner last known address | | |
| NODA Mailed by RRRM to the Address | 116.31162(1)(a) | Disputed and no evidence presented. |
| NODA "states the amount of the assessments and other sums which are due …, a description of the unit against which the lien is imposed, and the name of the record owner of the unit." | 116.31162(1)(a) | Disputed and no evidence presented. |
| 30 days after mailing of NODA, record a notice of default and election to sell ("NOD") | 116.31162(1)(b) | Disputed and no evidence presented. |
| NOD must contain the following language:<br><br>1. describe the deficiency in payment;<br>2. state the and address of the person authorized by the association to enforce the lien by sale;<br>3. contain statutory warning. | 116.31162(b) | Disputed that the deficiency in payment was actually recited to show that super-priority rights were being exercised. |
| NOD must be signed by the person designated in the declaration or by the association for the purpose, or by the president of the association | 116.31162(2) | Disputed and no evidence presented. Evidence must be presented to show that the person who signed had the requisite authority. |
| NOD must be mailed | 116.3116(3) | Disputed and no evidence |

| | | |
|---|---|---|
| by first class mail to:<br><br>1. Those that request notice;<br>2. Lenders that give notice of security interest;<br>3. A purchaser of the unit who has given notice of contractual rights 30 days before the NOD was recorded | | presented. |
| Elapse of 90 days after:<br><br>1. recording of the NOD;<br>2. mailing by RRRM to the owner | 116.31162(1) & (3) | None and disputed. It is disputed that HOA NOD was sent by RRRM |
| Mailing of the NOD by RRRM to the owner or successor in interest to last known address | 116.31162(3) | Disputed and no evidence presented. |
| Notice of Sale ("NOS") must be given pursuant to 21.130 including:<br><br>1. Personal service upon each judgment creditor or by registered mail to last known address;<br>2. Posting of sale describing the property for 20 days in 3 public places;<br>3. publishing a copy of the NOS 3 times once a week fo3 successive weeks;<br>4. recording a copy of the Notice of Sale;<br>5. Posting a copy of the Notice of Sale on the Property<br>6. Posting of the | 116.311635(1)(a) | Disputed and no evidence presented. |

| | | |
|---|---|---|
| Notice to Tenants of the Property. | | |
| Service on the owner:<br><br>Copy of the NOS must be mailed on or before the first date of publication by RRRM to the owner at last known address and to the unit | 116.311635(1)(a)(1) | Disputed and no evidence presented. |
| Personal Service of the NOS | 116.311635(1)(a)(2) and (2) | Disputed and no evidence presented. |
| Mailing of the NOS on or before the first date for publication to:<br><br>1. Each person entitled to notice;<br>2. Holders of security interests or contracts of sale;<br>3. the Ombudsman | 116.311635(1)(b) | Disputed and no evidence presented. |
| Oral postponement made to persons assembled | 116.31164 | Disputed and no evidence presented. |
| Super-priority conditions satisfied by evidence that a budget was adopted. | 116.3116; 116.3115; 116.31151 | Disputed and no evidence presented. |
| Recitals in the HOA lien sale documents that the super-priority conditions have been satisfied. | 116.31162 | Disputed and no evidence presented. |

Since Defendant does not suggest that Plaintiff's claims concerning the Foreclosure Sale fail to state a claim, and Defendant fails to carry its burden on summary judgment, the Motion must be denied regardless of how the Court decides to construe it (as one for dismissal or summary judgment).

**3. This Action is Not Subject to Mandatory Arbitration**

Defendant's claim that this action must first be sent to mandatory arbitration pursuant to NRS 38.310 is incorrect because it does not concern the interpretation, application, or enforcement of any CC&R's recorded against the Property. This precise theory of dismissal was rejected by the Nevada Supreme Court in *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555 (Nev. 2013). To be clear, the Court held: "[T]he quiet title claim is exempt from NRS 38.310. A quiet title claim requires the court to determine who holds superior title to a land parcel. *See* NRS 40.010. Such a claim directly relates to an individual's right to possess and use his or her property. Therefore, it is not a civil action as defined in NRS 38.300(3) and, accordingly, is exempt from NRS 38.310." *McKnight*, 310 P.3d at 559; *see also LN Management, LLC v. Caban*, No. 64833, 2014 WL 5795500, at *1 (Nev. Nov. 5, 2014) (unpublished disposition) (holding that *McKnight* is controlling in quiet title case brought by speculator-investor against homeowner's association and lender). Nothing in this case involves interpretation of Defendant's CC&R's, but instead the application of NRS 116.3116 with respect to the Foreclosure Sale. This case is not subject to arbitration.

## III. CONCLUSION

For the reasons argued above, the Motion must be denied, if construed as either a motion to dismiss or a motion for summary judgment. If the former, Defendant fails to show that Plaintiff's sole claim for quiet title is legally insufficient such that it cannot proceed to evidence. If the latter, Defendant fails to introduce any admissible evidence that the Foreclosure Sale was properly conducted such that no triable issues of material fact remain for trial. This case must be allowed to proceed to the merits.

DATED: July 13, 2015          **LAW OFFICES OF LES ZIEVE**

By: /s/ Benjamin D. Petiprin
     Benjamin D. Petiprin, Esq.
     Attorneys for Plaintiff
     GMAT Legal Title Trust 2013-1, by U.S.
     Bank, National Association, as Legal
     Title Trustee

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I am an employee of the Law Offices of Les Zieve, and not a party to nor interested in the within matter; that on the 13th day of July, 2015, service of the **OPPOSITION TO MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT [ECF NO. 27]** was  made:

(X) by serving the following parties electronically through CM/ECF as set forth below;

(X) by depositing a copy in the United States Mail postage prepaid to the parties listed below:

James W. Fitchner
296 Ave. De Law Bleu De Clair
Sparks, Nevada 89434
*Defendant*

Rainbow Bend Homeowners Association
c/o Kenyon Associates
645 Sierra Rose Dr., Ste l 05A
Reno, NV 89511
*Defendant*

Norene Vickers
1697 Clover Leaf Drive
Sparks, Nevada 89434
*Defendant*

Sandra White
1697 Clover Leaf Drive
Sparks, Nevada 89434
*Defendant*

Bank of America
The Corporation Trust Company, Nevada as registered agent
311 S. Division St.
Carson City, NV 89703
*Defendant*

/s/ Michele Dapello
Michele Dapello, an employee of
Law Offices of Les Zieve

CERTIFICATE OF MAILING - 1 -