**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GMAT LEGAL TITLE TRUST 2013-1, BY U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE, a national association,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES W. FITCHNER, an individual; SANDRA A. WHITE, an individual; NORENE M. VICKERS, an individual; BANK OF AMERICA, N.A., a national association; RAINBOW BEND HOMEOWNERS ASSOCIATION, INC., a corporation; DOES 1 through 10, inclusive, and ROES 1 through 10, inclusive.<br><br>        Defendants. | 3:15-cv-00044-HDM-WGC<br><br>ORDER |

Before the court is defendant Rainbow Bend Homeowners Association's ("Rainbow Bend") motion to dismiss, or in the alternative, motion for summary judgment (#27). Plaintiff has opposed (#36), and defendant Rainbow Bend has replied (#37). The court construes the pleading only as a motion to dismiss and not a motion for summary judgment.

This action arises out of a foreclosure sale conducted by a homeowner's association ("HOA") to collect unpaid HOA assessments. Plaintiff's complaint seeks declaratory relief and to quiet title(#1). Plaintiff requests a judicial determination of the parties' rights and interest in the real property located at 296 Ave De La Bleu De Clair,

1

Sparks, Nevada 89434 and a judgment declaring the foreclosure sale void or, alternatively, an order that its security interest in the property was not extinguished at the foreclosure sale because the sale was commercially unreasonable.

**Standard**

To meet Article III standing requirements, the party invoking federal jurisdiction bears the burden to show it has (1) suffered "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) that the injury is "fairly trace[able] to the challenged action of the defendant"; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressable by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted). In considering a motion to dismiss for want of standing, the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1154 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

The court need not, however, accept as true those allegations that (1) contradict matters properly subject to judicial notice; (2) are conclusory allegations of law, mere legal conclusions, unwarranted deductions of fact, or unreasonable inferences; (3) are contradicted by documents referred to in the complaint; or (4) are internally inconsistent. *Id.* at 435; *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th

2

Cir. 1994); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *rev'd on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F.Supp. 1052, 1058 (S.D. Fla. 1997).

On the other hand, the purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court can grant the motion only if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

**Background**

Defendants Sandra White and Norene Vickers previously owned the real property at issue, located at 296 Ave De La Bleu De Clair, Sparks, Nevada 89434. The property was subject to a first deed of trust which was recorded with the Storey County Recorder's Office on June 22, 2007, and identified non-party First National Bank of Nevada as the lender. The deed of trust encumbered the subject property to ensure repayment of a $193,762 loan to Sandra White and Norene Vickers, who executed and delivered a promissory note to First National Bank of Nevada evidencing the loan on June 21, 2007. The loan was insured by the U.S. Federal Housing Administration ("FHA") through the secretary of Housing and Urban Development ("HUD"). Sandra White and Norene Vickers also delivered to First National Bank of Nevada a second deed of trust evidencing a $21,500 loan to them, that was ultimately assigned to defendant Bank of America, N.A.

Beneficial interest in the first deed of trust was assigned, in

chronological order to: Bank of America, N.A., Successor by Merger to BAC Home Loan Servicing, LP FKA Countrywide Home Loans Servicing; HUD; RBS Financial Products, Inc. ("RBS Financial"); and plaintiff. Plaintiff currently holds the beneficial interest in the first deed of trust.

On June 6, 2011, defendant Rainbow Bend caused to be recorded a notice of delinquent assessment lien on the subject property. On January 15, 2013, Rainbow Bend caused to be recorded a notice of default and election to sell under the HOA lien. On May 22, 2013, Rainbow Bend caused to be recorded a notice of HOA sale under the June 6, 2011 assessment lien. On June 25, 2013, Rainbow Bend conducted a foreclosure sale of the subject property. Rainbow Bend was the highest bidder at the sale, with a winning bid of $900. Thereafter, defendant James Fitchner purchased the subject property for an unknown amount. James Fitchner is the current owner of the property pursuant to the foreclosure deed. On January 22, 2015, plaintiff initiated the instant action against defendants James Fitchner, Sandra White, Norene Vickers, Bank of America, N.A., and Rainbow Bend, seeking to quiet title. On August 3, 2015, Bank of America, N.A. filed a disclaimer of interest and a stipulation to dismiss it from the case (#40), which the court granted (#45).

In sum, plaintiff asserts that its interest in the security interest in the property was not extinguished by the foreclosure sale. Plaintiff alleges that a mortgage interest in real property, such as the secretary of HUD's potential repurchase obligation in the property, is federal property protected by the United States Constitution. Plaintiff requests the court to declare the foreclosure sale void, with no legal effect, for violating the Supremacy Clause

and the Contracts Clause of the United States Constitution. Alternatively, plaintiff asks the court to find that its security interest in the property as evidenced by the deed of trust survived the foreclosure sale.

Rainbow Bend moves to dismiss plaintiff's complaint, or in the alternative, moves for summary judgment. Rainbow Bend asserts that plaintiff lacks standing for two reasons: 1) it lacks Article III standing; and 2) it cannot establish good title in itself. Rainbow Bend also argues that to the extent the quiet title claim is a wrongful foreclosure claim, this court lacks jurisdiction because plaintiff failed to exhaust the mandatory mediation process that NRS 38.310 requires before a lawsuit regarding a HOA's covenants, conditions or restrictions may be filed. Defendants James Fitchner, Sandra White and Norene Vickers are not parties to the motion (#27) presently before the court.

**Analysis**

Under Nevada law, an action to quiet title "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action." NEV. REV. STAT. § 40.010. Quiet title actions are equitable proceedings in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon his or her title to the property. *MacDonald v. Krause*, 77 Nev. 312, 317-18, 362 P.2d 724, 727 (1961). "A plea to quiet title does not require particular elements, but each party must plead and prove his or her own claim to the property in question." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 129 Nev. Adv. Op. 34, 302 P.3d 1103, 1106 (2013) (citations and quotation marks omitted). Therefore, a plaintiff's right to relief depends on superiority of

5

title.  *Id.*

To have standing to assert a quiet title claim, a plaintiff must have a current claim to the land in dispute. *See, e.g., Daly v. Lahontan Mines Co.*, 151 P. 514, 516 (Nev. 1915) *aff'd on reh'g*, 158 P.285 (1916) ("An action to quiet title based upon the presumption that the plaintiff has title").  Here, plaintiff claims a current interest in the property which is adverse to Rainbow Bend. *See* #1 at ¶¶ 28-29.  Plaintiff asserts that it acquired title when it was assigned the deed of trust from RBS Financial in May of 2014.  #1 at ¶ 18.  On the other hand, Rainbow bend claims that it acquired title to the property through the foreclosure sale, which extinguished the deed of trust.  As the beneficiary and assignee of the deed of trust, plaintiff has standing to assert the rights held by any of its successors in interest, such as RBS Financial, the beneficiary of the deed of trust at the time of the foreclosure sale.  #36 at 3-4; *see Interim Capital LLC v. Herr Law Group, Ltd.*, 2011 WL 7047062 at *3 (D. Nev. Oct. 21, 2011) ("The general rule of assignments is that the transferee has the same rights as the transferor.").

In addition to prudential standing, Plaintiff also has Article III standing to bring its quiet title claim.  Rainbow Bend argues that plaintiff lacks Article III standing because there can be no retro-injury, the HOA did not cause the foreclosure, and the claimed injury is not redressable because it would require unwinding the foreclosure. #27 at 10-12.  However, plaintiff is adversely affected because the HOA foreclosure purports to eliminate plaintiff's deed of trust; this constitutes injury in fact.  The requested relief of resolution of the title dispute and a determination of the owner of the subject property would redress that injury.  Thus, plaintiff has Article III standing

6

to dispute the validity of the foreclosure sale and can state a claim for quiet title.

Additionally, plaintiff also alleges that the foreclosure sale was not conducted in a commercially reasonably manner and is thus voidable. On a motion to dismiss, the court must accept as true the factual allegations in the complaint, including the allegations that Rainbow Bend included in its record notices fees and costs which are not part of the super priority lien. At this stage, the averments in the complaint are sufficient to defeat the motion to dismiss on the Article III standing issue.

Finally, Rainbow Bend asserts that, to the extent the quiet title claim is a wrongful foreclosure claim, it should be dismissed as failing substantively or dismissed because plaintiff bypassed the mandatory mediation process outlined in NRS 38.310. Plaintiff responds that this action is not subject to mandatory arbitration because its claims do not relate to the interpretation, application, or enforcement of any HOA covenants, conditions or restrictions. Rather, plaintiff asserts that its claims concern the foreclosure process.

NRS 38.310 prevents the commencement of any "civil action based upon a claim relating to: (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to the residential property or any bylaws, rules or regulations adopted by the association; or (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property, . . . unless the action has been submitted to mediation." The statute defines "civil action" as "includ[ing] an action for money damages or equitable relief," but does not include actions "relating

7

to the title to residential property." Nev. Rev. Stat. 38.300(3). Thus, as the Nevada Supreme Court explained in *McKnight Family L.L.P. v. Adept Mgmt.*, 129 Nev. Adv. Op. 64, 310 P.3d 555, 559 (2013), a claim to quiet title "directly relates to an individual's right to possess and use his or her property . . . and accordingly, is exempt from NRS 38.310."

Plaintiff alleges that the foreclosure was ineffective for a number of reasons, including preemption, the sale was conducted in a commercially unreasonable manner, and that the notice provided to plaintiff violated due process. These claims relate to the title of the property, and thus are not barred by NRS 38.310. Finally, the plaintiff asserts that the complaint contains no claims that directly implicate the interpretation of defendant's covenants, conditions or restrictions but instead the application of NRS 116.3116. For purposes of the motion to dismiss the court accepts the representation. Should discovery prove otherwise, the defendant shall not be precluded from raising the issue as to the mandatory arbitration process as it relates to this claim in a motion for summary judgment.

Accordingly, defendant's motion to dismiss, or in the alternative, motion for summary judgment (#27) is construed only as a motion to dismiss and is **DENIED WITHOUT PREJUDICE,** to be renewed in a motion for summary judgment at the close of discovery.

IT IS SO ORDERED.

DATED: This 19th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE

8