**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GMAT LEGAL TITLE TRUST 2013-1, BY U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE, a national association,<br><br>         Plaintiff,<br><br>vs.<br><br>JAMES W. FITCHNER, an individual; SANDRA A. WHITE, an individual; NORENE M. VICKERS, an individual; BANK OF AMERICA, N.A., a national association; RAINBOW BEND HOMEOWNERS ASSOCIATION, INC., a corporation; DOES 1 through 10, inclusive, and ROES 1 through 10, inclusive.<br><br>         Defendants. | 3:15-cv-00044-HDM-WGC<br><br>ORDER |

   Defendant Rainbow Bend Homeowners Association moves this court to reconsider its November 19, 2015 order denying without prejudice defendant's motion to dismiss, or in the alternative, motion for summary judgment (#49). Plaintiff has opposed (#50).

   The Federal Rules of Civil Procedure do not contemplate motions to reconsider interlocutory orders. *See, e.g.*, Fed. R. Civ. P. 60(b) (specifying that this rule only applies to "a final judgment, order, or proceeding"). Rather, the court has "the inherent procedural power" to reconsider orders it deems inadequate. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

1

1  Reconsideration is appropriate in only limited circumstances. *See School Dist. No. 1J, Multnomah Cty., Or. v. AcandS*, 5 F.3d 1255, 1263 (9th Cir. 1993). A court properly exercises its discretion to reconsider an issue if (1) the first decision was clearly erroneous and would result in manifest injustice; (2) an intervening change in the law has occurred; or (3) substantially new evidence has become available. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Id.* (internal quotation marks omitted). As such, a motion for reconsideration is properly denied where is presents no new arguments. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). By the same token, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.,* 229 F.3d at 890.

The court concludes that there is no basis to reconsider its order denying without prejudice defendant's motion to dismiss, or in the alternative, motion for summary judgment. Accordingly, defendant's motion to reconsider (#49) is **DENIED**.

IT IS SO ORDERED.

DATED: This 22nd day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE