UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GMAT LEGAL TITLE TRUST 2013-1, BY) U.S. BANK NATIONAL ASSOCIATION ) AS LEGAL TITLE TRUSTEE,            ) <br> ) <br> Plaintiff,            ) <br> ) <br> vs.            ) <br> ) <br> BANK OF AMERICA, N.A., et al.,            ) <br> ) <br> Defendants.            ) <br> _____) | 3:15-cv-00044-HDM-WGC <br><br> **MINUTES OF PROCEEDINGS** <br><br> June 14, 2016 |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>  Katie Lynn Ogden  </u>   REPORTER:   <u>          FTR          </u>

COUNSEL FOR PLAINTIFFS: <u> Tenesa S. Scaturro (Telephonically)          </u>

COUNSEL FOR DEFENDANTS:  <u> Peter Dunkley (Telephonically, obo: Rainbow Bend  </u>

<u>Homeowners Association) and James W. Fichtner (Telephonically, Pro Se)          </u>

**MINUTES OF PROCEEDINGS: Status Conference**

1:39 p.m.  Court convenes.

The court holds today's conference to address Bank of America, N.A.'s ("BANA") motion to intervene (ECF No. 56) and the parties' stipulation to stay dispositive motions deadline (ECF No. 57).

The court is in receipt of "Bank of America, N.A.'s Notice of Its Interest in the Property" (ECF No. 60).  After reviewing the notice, it is court's understanding that the senior deed of trust has exchanged hands many of time since this case was first initiated and BANA is once again the beneficiary of record of the senior deed of trust.  Ms. Scaturro agrees with the court's summary of BANA's current position.

The court next addresses the parties' stipulation to stay the dispositive motions deadline (ECF No. 57).  The court notes Mr. Fichtner did not sign the stipulation.  The court requests counsel for defendant Rainbow Bend Homeowners Association ("Rainbow Bend") to confirm its

Minutes of Proceedings
3:15-cv-00044-HDM-WGC
June 14, 2016

stipulation to stay the dispositve motions deadline.  Mr. Dunkley states Rainbow Bend agrees with the request to stay dispositive motions deadline, so long as it does not affect its opportunity to respond to BANA's motion to intervene.  Mr. Fichtner concurs with Mr. Dunkley's statement.

After hearing from counsel, IT IS ORDERED the parties' stipulation to stay dispositive motions deadline (ECF No. 57) is **GRANTED in part**.  The stipulation is granted to the extent the deadline to file dispositive motions is extended to **Friday, August 12, 2016**.

The court next addresses BANA's motion to intervene (ECF No. 56).  The court reminds the parties of the fast approaching deadline to respond to the BANA's motion to intervene.  The court confirms the deadline is Monday, 6/20/2016.  Depending on the nature of the responses, the court may schedule a status conference.

Ms. Scaturro advises the court and parties that, should the court grant the motion to intervene, BANA will request the court to reopen discovery.  Ms. Scaturro explains a motion has not yet been filed because the motion to intervene has not been decided.

Mr. Dunkley expresses concern regarding BANA's potential request to reopen discovery and contends additional time to allow discovery is not necessary.

After discussing BANA's anticipated motion to reopen discovery (should the court grant the motion to intervene) the court suggests BANA file its motion forthwith (no later than the end of this week) regardless of any disposition as to its motion to intervene.  The court states BANA should be specific as to what discovery is necessary and how long discovery should be reopened.

There being no additional matters to address at this time, court adjourns at 2:04 p.m.

                                              LANCE S. WILSON, CLERK

                                              By:  _____/s/_____
                                                   Katie Lynn Ogden, Deputy Clerk