UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GMAT LEGAL TITLE TRUST 2013-1, ) | 3:15-cv-00044-HDM-WGC |
| BY U.S. BANK NATIONAL ) | |
| AS LEGAL TITLE TRUSTEE, ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| Plaintiff, ) | August 5, 2016 |
| ) | |
| vs. ) | |
| ) | |
| BANK OF AMERICA, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden      REPORTER:      FTR

COUNSEL FOR PLAINTIFF:   Darren Brenner (Present)

COUNSEL FOR DEFENDANTS:   Peter Dunkley obo Rainbow Bend HOA (Present) and

James Fichtner, Pro Se (Present)

**MINUTES OF PROCEEDINGS: Motion Hearing**

     The court conducts today's status conference to address Bank of America, N.A.'s (B of A) motion to intervene (ECF No. 56), Rainbow Bend Homeowners Association's (Rainbow Bend) opposition to motion to intervene (ECF No. 62), B of A's reply memorandum (ECF No. 64), Rainbow Bend's motion for leave to file limited surreply (ECF No. 65), and B of A's response to Rainbow Bend's motion for leave file surreply (ECF No. 69).  Today's hearing also addresses B of A's motion to reopen discovery and extend discovery deadlines (ECF No. 61), Rainbow Bend's opposition to motion to reopen discovery (ECF No. 66) and B of A's reply (ECF No. 68).

     Bank of America is represented at today's hearing by attorney Darren Brenner. Rainbow Bend is represented by attorney Peter Dunkley. Defendant James W. Fichtner appears in person pro se and states he embraces the arguments asserted by Rainbow Bend.

     The court first grants Rainbow Bend's motion for leave to file a surreply (ECF No. 65) which the court has considered along with B of A's opposition to the Rainbow Bend surreply

Minutes of Proceedings
3:15-cv-00044-HDM-WGC
August 5, 2016

(ECF No. 69) with respect to the motions for intervention/discovery.

After hearing argument of counsel on B of A's motion to intervene, the court determines that B of A has satisfied the requirements of Fed. R. Civ. P. 24(a)(2), i.e., intervention as a matter of right. The court notes that although there is some question as to when exactly B of A acquired an ownership/beneficial interest in the deed of trust and related documents which are the subject of this litigation, which Mr. Brenner represents was approximately February 2016, the court nevertheless determines the application is timely (Mr. Brenner represents that B of A is still awaiting the recording of the transfer of beneficial interest from Plaintiff GMAT Legal Title Trust 2013-1) (GMAT). Because B of A alleges and represents it has an ownership interest in the deed of trust and promissory note on the foreclosed property which is the subject of this litigation, which the court must accept at this stage of the litigation, the court determines B of A has a significantly protectable interest in the property or transaction which is the subject of the action, originally brought by GMAT Legal Title Trust 2013-1. The court further concludes that if B of A were not allowed to intervene, its ability to protect its interest in the subject property would be impaired or impeded. Last, the court determines B of A's interest in the property would not be adequately represented by current Plaintiff GMAT.

The court alternatively finds that intervention would be appropriate under Rule 24(b), permissive intervention. The court concludes B of A has a claim which shares a common question of law and fact with the pending action, that B of A's motion is timely and that the court would have an independent basis for jurisdiction over the applicant's claims.

The court **GRANTS** Bank of America's motion for intervention (ECF No. 56) and directs counsel for B of A to file and serve the complaint in intervention no later than close of business, **Monday, 8/8/2016.**

The court next addresses B of A's motion to reopen discovery and extend scheduling order deadlines by approximately 90 days. The court **GRANTS** Bank of America's motion (ECF No. 61) and sets forth the following revised deadlines in this case:

- Discovery Cut-Off Date: Friday, 11/4/2016;

- Expert Disclosures: Friday, 9/2/2016;

- Rebuttal Expert Disclosures: Friday, 10/7/2016;

- Dispositive Motion(s): Friday, 12/2/2016; and

Minutes of Proceedings
3:15-cv-00044-HDM-WGC
August 5, 2016

- Proposed Joint Pretrial Order: 1/6/2017.  In the event dispositive motions are filed the date filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court.

The court further directs counsel for B of A to meet and confer with counsel for Rainbow Bend and Mr. Fichtner so as not to duplicate to the extent possible any discovery previously completed in this action. Additionally, if Mr. Fichtner is deposed, B of A shall provide Mr. Fichtner a copy of his deposition after it has been transcribed. Counsel are directed to cooperate with Mr. Fichtner who is proceeding pro se in this action.

A status conference is scheduled for **Wednesday, 11/2/2016, at 10:00 a.m.**  The parties shall file a joint status report no later than **Friday, 10/26/2016.**  Counsel and Mr. Fichtner may appear telephonically by dialing **1-877-873-8017**, enter the access code **3416460**, and enter the security code **11216** approximately five (5) minutes prior to the hearing.

The parties should be aware of the following:

1.  That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days **of today's date (8/5/2016).**  These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

2.  That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.
There being no additional matters to address at this time, court adjourns at 2:18 p.m.

                                                LANCE S. WILSON, CLERK

                                                By: _____/s/_____
                                                        Katie Lynn Ogden, Deputy Clerk